GIBSON v. ROACH et al., School Trustees.

(Supreme Court, Appellate Division, Second Department.　February 18, 1896.)

1. SCHOOL DISTRICTS—SALARY OF CLERK.
　　Laws 1855, c. 510, § 1, provides that the trustees of each school district therein specified shall, at least three weeks before the annual meeting, or a special meeting called for the purpose, prepare and post an estimate of the amount necessary for the support of the schools therein, including the sum required for building, for the purchase of furniture, apparatus, and books, and for contingent expenses, and shall present such estimate at the meeting, when the inhabitants shall vote on each item separately, and such or so much thereof as shall be approved by a majority of the inhabitants shall be levied and raised by tax. *Held*, that the inhabitants have no power to provide for the payment of a salary for the district clerk from funds so raised, unless such item was included in the estimate so prepared and posted.

2. OFFICE AND OFFICER—RIGHT TO COMPENSATION—PRESUMPTION.
    A public officer is not entitled to compensation for his official services, unless such compensation is provided for by statute.

Appeal from special term, Richmond county.

Action by Abram C. Gibson against Daniel J. Roach and others, trustees of district school No. 2 in and for the town of Castleton, Richmond county. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Charles L. Hubbell, for appellant.
William J. Powers, for respondents.

BROWN, P. J. This action was brought by a taxpayer to obtain a judgment annulling a resolution passed at the annual meeting of school district No. 2 in the town of Castleton, county of Richmond, which fixed the annual salary of the clerk of said district at $200, and to restrain the defendants, the trustees of said district, from paying said salary to said clerk. The statute applicable to the case is chapter 510, Laws 1855, the first section of which is as follows:

"Section 1. The trustees of each of the school districts, two, three, five and seven, in the town of Castleton, in the county of Richmond, shall annually at least three weeks before their annual meetings, or three weeks before a special meeting which may be called for that purpose, in their respective districts, prepare an estimate of the amount which they shall deem necessary to pay the debts of their districts and for the support of common schools therein for the ensuing year, exclusive of the money which they may be entitled to receive from the town superintendent, and including the sum required for building, for the purchase of necessary furniture, apparatus and books and for contingent expenses, and shall cause notice thereof to be posted for two weeks previous to said meeting, in at least five of the most public places in the district. And they shall present such estimate at such meeting, when the inhabitants so assembled shall vote thereon for each item separately, and the same or so much thereof as shall be approved by a majority of such inhabitants shall be levied and raised by tax on such district, as now prescribed by law for raising school district taxes."

An itemized estimate was prepared and posted by the trustees, in compliance with the provisions of the statute, but said estimate contained no item for the clerk's salary. At the annual meeting, however, the inhabitants of the district there assembled voted in favor of appropriating the sum of $200 for said clerk's salary for one year, and a resolution to that effect was voted upon as a separate item.

The question presented is whether the inhabitants of the school district assembled at the annual meeting had power to authorize an expenditure by the trustees which was not contained in the estimate prepared by such trustees, and posted as required by the statute. School districts are quasi corporations, and the inhabitants thereof possess only such powers as are expressly conferred upon them by law. The inhabitants of the school districts mentioned in the act of 1855 have no power to raise money by taxation, except such as is given by that statute. As a conditon precedent to any action by the inhabitants of the districts at an annual or special meeting, the trus-

tees were required to prepare an itemized estimate of the amount of money required, and it was only upon such an estimate that the inhabitants could vote. It will be observed that such estimates could be approved by a majority of the inhabitants present at the district meeting. A taxpayer of the district might, therefore, give a tacit approval of the estimate by his absence from the meeting; and the requirement that notice of the estimates should be posted for two weeks prior to the meeting would be of little value, if appropriations for purposes not contained in the estimate could be voted at the meeting by such of the inhabitants as should be present thereat. The purpose of the statute, we think, is to limit the power of the district meeting; and no money could be authorized by the meeting, except such as had been stated in the estimate prepared by the trustees. The case of Graham v. Powers,[1] which was decided at special term, in 1887, has no bearing upon the question now presented. That was an action by a district clerk for his salary, and the case came before the court upon a demurrer to the complaint. It did not present any question as to the power of the district meeting to appropriate moneys, nor did the court construe the act of 1855. The question then presented and decided was wholly one of pleading, and the decision assumed that the provision of the statute in regard to raising money had been complied with.

The argument of the respondents that it must be presumed that it was intended by the statute that the clerk should receive a compensation for his services has no force. The general rule in the United States is directly opposite to that claimed. It is that the rendition of the services of a public officer is deemed to be gratuitous, unless a compensation therefor is fixed by statute. Throop, Pub. Off. § 446, and cases cited in the note. Hence no compensation is recoverable for the performance of a public service, or of official duties, unless it is given by law; and there is no implied obligation on the part of a municipal corporation, and no such relation between such corporation and its officers, as compels the former to make remuneration to the latter. Haswell v. Mayor, etc., 81 N. Y. 255. It is a

---

[1] The case of James J. Graham against William J. Powers and others, as trustees of school district No. 2 in the town of Castleton, in the county of Richmond, was for the recovery of plaintiff's salary as district clerk. The complaint alleged that defendants fixed plaintiff's compensation at $150, and placed said amount in the annual tax levy; that said amount was collected; that it was in the county treasury; and that defendants refused to pay it over to plaintiff. Defendants demurred to the complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action; and (2) that it was insufficient in law, on its face. The following is the memorandum of decision of Mr. Justice Brown at special term, Richmond county: "Chapter 510, Laws 1855, seems to be broad enough in its terms to cover the salary of the plaintiff. It must be assumed upon this argument that the provisions of the statute in regard to raising the money were complied with, and that the inhabitants assembled at the meeting voted upon the question of plaintiff's salary as a separate item. As the expense was authorized by the inhabitants of the district, and the defendants now have the money, they are not justified in withholding it from the plaintiff. Demurrer overruled, with leave to answer in twenty days, on payment of costs."

matter of common knowledge that in many, if not in the majority, of the cities and villages of our state, the corporate trustees, and members of municipal boards and commissions, serve without compensation. At common law it was an offense for a person chosen to public office to refuse to serve. Com. Dig. tit. "Officer," B1. And the English Reports contain many cases where persons chosen to fill offices in municipal corporations were compelled by mandamus to perform the duties. See cases cited in note to section 165, Throop, Pub. Off. In this country it is not uncommon for statutes to subject to a penalty a person chosen to public office, who refused to accept it. Provisions of this character are based upon the theory that the rendition of public services is a duty owed by the citizen to the community in which he resides. Such statutory provisions do not, however, alter the application of the rule that compensation cannot be recovered for public services unless it is given by law. In the case before us, although the district meeting fixed a salary to the office of district clerk, and the clerk may have relied upon that as giving compensation for his services, still he was chargeable with notice of the limitation of the statute upon the power of the inhabitants to authorize expenditures by the trustees, and never became legally entitled to receive the salary so fixed. The adoption of the resolution by the district meeting was an illegal act, and, upon the facts presented at the trial, judgment should have been rendered as prayed for in the complaint.

The judgment rendered must be reversed, and a new trial granted, with costs to abide the event. All concur.