he holds, but because his right to employment until discharged results from the evident policy of the civil service law. This case, however, presents features which show an acquiescence on the part of the plaintiff in the course pursued by the street-cleaning commissioner in putting him and others upon what is called "half time." He accepted the situation. There is nothing to indicate that he ever protested against the action of the commissioner, or that he tendered his services to the commissioner. He swears that he held himself in readiness to perform duty, but he never offered his services. His failure to do so has put the city in the position of being unable, through the commissioner, to exercise that right which the commissioner had of discharging him instead of retaining him in employment; and that it was his intention to acquiesce in the action of the commissioner is evidenced by the fact that when he was first put upon half time he disqualified himself from being in readiness to work on the demand of the commissioner by accepting other employment, and receiving pay therefor. This he did for some weeks, and until he said he "got tired." During the time at which he was laid off for alternate weeks, he worked whenever he could get work. On the days when he was not employed by the city, he did not go to the department or to his place of labor. Under these circumstances, if we are correct in holding that the wages or compensation are not attached as an incident to the position held by the plaintiff, we think that he is estopped from setting up any claim against the city for the wages sued for, because by his acquiescence in the order he has prevented the city from exercising the conceded right the commissioner of street cleaning had to discharge him.

For this reason, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and HATCH and LAUGHLIN, JJ., concur. INGRAHAM, J., concurs in result.

---

(39 Misc. Rep. 268.)

### O'SULLIVAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Special Term, New York County. November, 1902.)

1. CHANGE OF ATTORNEYS—SECURING FEES.

A client has the right at any time during the pendency of a suit to arbitrarily change his attorneys, on securing to them their fees, providing there has been no misconduct on their part.

Action by James O'Sullivan against the Metropolitan Street Railway Company. Motion to discontinue action. Granted.

Walter H. Wood, for the motion.
Elliot, Jones & Escher, opposed.

GILDERSLEEVE, J. The plaintiff was injured by a car belonging to the defendant. While he was in the hospital, a representative of the law firm of Elliot, Jones & Escher called upon him, and got him to sign a written retainer of said firm authorizing them to bring this

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. § 111.

action for damages, and also had said plaintiff swear to the complaint. Both of these signatures were obtained on April 9, 1901. Before the summons and complaint were served, the said law firm received a telephone message from Dr. Fitch, on behalf of plaintiff, requesting them to do nothing further in the case until they had heard from plaintiff. They subsequently learned that another lawyer, to wit, Walter H. Wood, was about to bring suit for plaintiff on the same cause of action, whereupon the said firm of Elliot, Jones & Escher served the summons and complaint which they had prepared. The plaintiff, by said Walter H. Wood, makes this motion to discontinue the said action so brought by Elliott, Jones & Escher. The latter have no objection to a discontinuance, provided they are paid a reasonable fee for their services. They claim that they have devoted considerable time and labor to an investigation of the circumstances of the accident, in addition to drawing the summons and complaint. The said attorneys also claim that they spent $25 on the reference to take testimony concerning the questions of fact put in issue on this motion. The said attorneys suggest that the motion to discontinue, without costs, be granted, but that the order should provide that plaintiff shall pay to the said attorneys, Messrs. Elliott, Jones & Escher, out of any recovery for the said injuries, that plaintiff may obtain from defendant, a sum to be fixed by the court, as their compensation for the services rendered, together with $25, their disbursements, as aforesaid.

The rule is that a client has the right, without assigning any cause, at any point in a suit or proceeding, to change his attorney, subject, however, to the payment of the former attorney's fees, in a proper case, or the securing of such fees if they cannot then be fixed and determined. The court will ordinarily see that the original attorney is protected as to his fees, upon the substitution of another attorney, where the original attorney's conduct has not been improper or neglectful. See In re Prospect Ave., 85 Hun, 257, 32 N. Y. Supp. 1013. Under the facts of this case, I am of the opinion that Messrs. Elliot, Jones & Escher are entitled to the protection of the court as to their fees.

An order may be entered discontinuing this action, without costs, and providing that plaintiff shall pay, out of any recovery which he may obtain from the defendant by reason of the injuries upon which the cause of action herein is based, to the said law firm of Elliot, Jones & Escher, the sum of $100, together with the sum of $25 disbursements. No costs of this motion. Ordered accordingly.