(45 Misc. Rep. 247.)

### VINCENT v. NASSAU COUNTY.

(Supreme Court, Special Term, Nassau County. September Term, 1904.)

1. COUNTIES—POWERS OF COUNTY BOARD—CREATING OFFICE—EMPLOYMENT OF COUNSEL.

In the absence of statutory authority therefor, the county board of supervisors cannot, by contract with an attorney, create an office with a term of one year from the date of appointment, with a salary payable in quarterly installments.

2. SAME—TERMINATION OF CONTRACT.

Where the employment of an attorney for a year by the board of supervisors was terminated by the board before the expiration of the year, the attorney cannot recover salary for the unexpired term by reason of the yearly contract.

3. CLAIMS AGAINST COUNTY—WHEN ACTION LIES.

An attorney appointed by the board of supervisors cannot maintain an action for disbursements, the amount of which is not fixed by law, until the amount is presented to the board for allowance.

Action to recover salary, as counsel to a board of supervisors, by John Vincent against the county of Nassau. Judgment for defendant.

Edward J. McGuire and Charles C. Sanders, for plaintiff.
George B. Stoddard, for defendant.

KELLY, J. The board of supervisors of Nassau county had power to employ the plaintiff as attorney and counsel whenever the necessity might arise for the services of an attorney and counsel. Brady v. Supervisors, 10 N. Y. 260; People v. Supervisors, 45 N. Y. 196; Board of Excise v. Sackrider, 35 N. Y. 154; Dillon on Municipal Corporations, § 479, and cases cited. But a board of supervisors is not obliged to retain an attorney against its will, or to continue in this highly confidential relation a lawyer whose advice they do not desire. Whether the client is actuated by good or bad motives, his right to discharge his attorney at any time is unquestioned. O'Sullivan v. Metropolitan Street Railroad Co., 39 Misc. Rep. 268, 79 N. Y. Supp. 481; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395. But the client must pay the attorney so discharged or dismissed all money due him. If the board of supervisors had retained Mr. Vincent on April 21, 1903, to perform services for a year, agreeing to pay him as a retaining fee presently due the sum of $2,000, I think his claim against the board might be maintained. Such retainer in the case of an attorney would preclude his acceptance of retainers from parties asserting claims against the board or the county or its departments, and it might well be that the amount named would not be excessive or subject to criticism. In such case the retainer and the plaintiff's right to payment would become fixed at the time of the

employment.  But that is not this case.  There can be no question that the board here attempted to create an office with a term of one year from the date of appointment, and with a salary payable in quarterly installments.  Had they power to do this, and to bar their successors from the right to change their counsel?  A board of supervisors, while created by the Constitution (article 3, § 26), derives all its powers to act from the State Legislature.  It cannot, therefore, be said to possess any inherent powers, but its exercise of authority must in all cases, and especially in the expenditure of public moneys, be confined to the powers which are conferred by law and enumerated in the statute conferring them.  Kingsley v. Bowman, 33 App. Div. 1, 53 N. Y. Supp. 426, citing Brady v. Supervisors, supra; Parker v. Supervisors, 106 N. Y. 392.  It is not claimed by the learned counsel for the plaintiff that there is any express authority granted to boards of supervisors by the county law to employ counsel.  It is argued that there is an implied power.  This may be granted, but it does not sustain the contention that such employment differs from the ordinary engagement between attorney and client, or that the implied power justifies the making of a contract for a fixed term with salary such as is asserted here.  The implied power arises with the necessity for legal advice.  If the necessity arises, the board of supervisors are not debarred from obtaining the advice and assistance of a lawyer, but it is best that public officers should not be allowed to create positions or offices, urging their anticipation of a necessity which may not arise, where the Legislature does not appear to have anticipated it, and where the matters in their charge can be fully protected if the necessity arises.  We have a constitutional provision (article 3, § 10) that offices not declared by law shall be held during the pleasure of the authority making the appointment.  It is argued that the supervisors, by their resolution employing the plaintiff, did not create an office, but Mr. Justice Bartlett, writing for the Appellate Division in Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887, says:

"The tendency of the courts however has been to hold that the same rule independently of legislative enactment applies also to the tenure of persons who are in the public service as employees merely and not as officers."

I am of the opinion, therefore, that the board had power to terminate Mr. Vincent's employment in November, 1903, and, there being no evidence of services rendered during the period from November, 1903, to April, 1904, he cannot recover by force of a yearly contract.

The plaintiff also seeks to recover $187.50 for disbursements made by him on account of his clients during his term of service.  The mere fact that the plaintiff, whose reputation and ability is conceded, presents the bill for disbursements, is sufficient evidence to my mind of its correctness; but this brings up the second objection urged by the defendant, to wit, that the plaintiff cannot assert his claim against the county in the first instance unless the amount due is fixed and determined by law, in which case payment might be compelled by mandamus.  The proper procedure is to present the claim in the first instance to the county board of audit.  Until it has been audited, or, on refusal, until the action of the board of audit has been reversed, it would appear that

no action may be maintained against the county. Lattin v. Town of Oyster Bay, 34 Misc. Rep. 568, 70 N. Y. Supp. 386.

There should be judgment for the defendant, without costs, and without prejudice to the right of the plaintiff to present his claim for disbursements for audit in the manner prescribed by law.