PEOPLE ex rel. NEWBURGH NEWS PRINTING & PUBLISHING CO. v. BOARD OF SUP'RS OF ORANGE COUNTY.

(Supreme Court, Appellate Division, Second Department. October 20, 1910.)

1. COUNTIES (§ 204*)—CLAIMS.

Election Law (Laws 1896, c. 909) § 86, requires the county clerk to provide the requisite number of official and sample ballots for general elections; and section 18 makes the expense of printing and delivering the ballots a charge upon the county. County Law (Consol. Laws, c. 11) § 12, subd. 2, makes it the duty of boards of supervisors to annually audit all accounts and charges against the county; and section 240, subd. 11, makes the accounts of the county clerk for the services and expenses incurred under the law respecting elections, other than for militia and town officers, county charges. *Held* that, though a claim for printing ballots required for a general election arises from claimant's employment by the county clerk and is a charge for which the county is liable, it is nevertheless subject to the adjudication of the auditing board of the county, and would be, even if the county clerk had agreed upon a fixed amount as compensation.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 312; Dec. Dig. § 204.*]

2. COUNTIES (§ 126*)—CONTRACTS—CONSTRUCTION.

Where a county clerk gave a written order to a company to furnish ballots required for an approaching election, the cost not to exceed the amount audited and allowed by the board of supervisors for similar work at the last preceding presidential election, the acceptance of the order did not create a contract obligating the county to pay to the company absolutely the sum audited and allowed for the prior work, but entitled the company to the reasonable value of the work done, with the limitation that in no event should such value exceed the prior audit.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 184; Dec. Dig. § 126.*]

Hirschberg, P. J., and Woodward, J., dissenting.

Certiorari by the People, on the relation of the Newburgh News Printing & Publishing Company, against the Board of Supervisors of Orange County, to review their action on relator's claim. Writ quashed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Henry Bacon, for relator.

M. N. Kane, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. The relator, by writ of certiorari, asks for an order and judgment directing the board of supervisors of Orange county to reconvene and reconsider their action on its bill, and to audit and provide for the payment thereof as originally presented. On October 9, 1908, the county clerk of Orange county gave a written order to the relator to print the ballots required for the approaching general election, which contained the following clause:

"The cost of same must not exceed the amount audited and allowed by the board of supervisors for similar work at the last presidential election."

The amount thus referred to was $4,409.60. The relator, after delivering the ballots, rendered a bill therefor to the board of supervisors for $4,409.60, together with a bill for $136.50 for additional printing not connected with the ballots. The two bills were audited together at $1,599.35.

The relator contends that the letter of the county clerk provides the compensation for printing the ballots, and that the board was without power or authority to change or reduce this amount. I do not think this contention sound. By section 86 of the election law (Laws 1896, c. 909) the county clerk is required to provide the requisite number of official and sample ballots for general elections. By section 18 the expense of printing and delivering the ballots is made a charge upon the county. By subdivision 2 of section 12 of the county law (Consol. Laws, c. 11) it is made the duty of boards of supervisors to annually audit all accounts and charges against the county, and by subdivision 11 of section 240 the accounts of the county clerk for the services and expenses incurred under the law respecting elections, other than for militia and town officers, are made county charges. While the claim of the relator arises from its employment by the county clerk, and is a charge for which the county is liable, it is nevertheless subject to the adjudication of the auditing board of the county. This would be true, had the county clerk agreed upon a fixed amount which the latter should receive as compensation for its work. People ex rel. Hamilton v. Supervisors, 35 App. Div. 239, 54 N. Y. Supp. 782. The acceptance of the order did not create a contract obligating the county to pay to the relator absolutely the sum of $4,409.60 for the printing of the ballots, and by limiting the compensation to that sum did not have the effect of creating a liability for that amount. United Press v. New York Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288. Its legal effect was to entitle the relator to the reasonable value of the work, with the limitation that in no event should such reasonable value exceed the audit of 1904.

The case of People v. Supervisors of Cortland County, 58 Barb. 139, is cited by the learned counsel for the relator as an authority sustaining its contention. In that case the county clerk had agreed on a price to be paid, and it was established that the price was a reasonable compensation for the services rendered. The foundation of this decision was the reasonableness of the compensation agreed upon. It appears in the case at bar that the sum which it is sought to compel the county to pay is at the rate of $87.50 per 1,000 ballots, while the rate paid in 11 other counties from which the respondent obtained information

ranged from $3.50 to $24 per 1,000, an average of $16.87. The price allowed the relator was $25 per 1,000 ballots, $1 more than the highest price paid by either of the 11 counties, and much greater than the average.

The contention that the relator should succeed because the county had in prior years paid the amount now demanded is without force. The former payments cannot be held to establish the reasonable value of the relator's services. It appears that several hearings were had in the matter of the relator's bills, and that careful and commendable consideration was given the claim by the board of supervisors.

The amount allowed cannot be said to be unreasonable, and the writ of certiorari must be quashed, with $50 costs and disbursements to the respondent.

BURR and CARR, JJ., concur. HIRSCHBERG, P. J., and WOODWARD, J., dissent.