Henry I. Stetler et al., Taxpayers of the County of Rockland, Appellants, *v.* John F. McFarlane, Respondent.

Public officers — when public officer who has received public moneys without right may be charged with restitution though he received them without fraud — Rockland county — audit by board of supervisors of bills for services rendered by a supervisor — such audits examined and some found erroneous and without jurisdiction — others allowed.

1. A public officer receiving public moneys without right may be charged with the duty of restitution at the instance of a taxpayer though he received them without fraud.

2. There is nothing in the statute permitting the supervisor of a town to receive payment for attending meetings of the board of county canvassers and inspectors, for reporting, correcting and recapitulating the assessment and tax rolls, and for preparing the annual town statement, a separate statement to the board of supervisors, and a list of incorporated companies; and an audit and allowance of such charges by the board of supervisors of Rockland county exceeded the jurisdiction of the auditors, and the payments made thereunder must be returned.

3. A supervisor of Rockland county is not entitled to *per diem* compensation for services rendered in connection with county highways when he has received from his town the compensation fixed by

the town board under and in conformity with the statute (Highway Law [Cons. Laws, ch. 25], § 110), which provides that the supervisors "shall receive annually, as compensation for services under this chapter in lieu of all other compensation, an amount to be fixed by the town board."

4. Under the statute (County Law [Cons. Laws, ch. 11], § 23, amd., L. 1911, ch. 554) a supervisor may receive compensation from the county at the rate of four dollars per day for any duty lawfully committed to him by the board, except for services rendered when the board is in session. This provision cannot be construed to mean that payment is to be made upon a graduated basis, four dollars for a full day's work, and a proportionate sum for less. It means that a supervisor acting in good faith shall be paid for every day upon which service is rendered in the performance of delegated duties, and while the statute means that some substantial services must be rendered, yet the determination of their value and amount is within the jurisdiction of the board of supervisors which knew or had the means of knowing the facts, except where the bills presented by the supervisor himself disproves his claim as being too trivial or having no relation to official business. The omission of the clerk to enter on the minutes a resolution committing matters to a member of the board does not prevent allowance to him for services rendered. (*Wallace* v. *Jones*, 122 App. Div. 497, 501, distinguished.)

5. Where the County Law (Cons. Laws, ch. 11) at the beginning of a supervisor's term gave him a *per diem* fee and mileage for attending sessions of the board, but was changed by amendment during his term (L. 1910, ch. 279), which substituted an annual salary for the *per diem* compensation previously established, the supervisor is not entitled to compensation upon the *per diem* basis. Such amendment was not unconstitutional, if applied to supervisors then in office, as violative of the provision of the State Constitution (Art. 3, § 18, subd. 10) prohibiting the passage of any local bill decreasing the fees or allowance of a public officer during the continuance of his term, since by section 23 of the same article of the Constitution, sections 17 and 18 do not apply to any bill or amendments to any bill reported to the legislature by commissioners of revision, and the statute changing the compensation was an amendment to the County Law, which forms a chapter of the Consolidated Laws adopted by the commissioners of statutory revision.

6. Where an amendment to section 23 of the County Law (L. 1910, ch. 279) made provision for extra compensation to supervisors for committee work at the rate of four dollars per day, except in certain enumerated counties, of which Rockland county was one, and it was not until the statute of June, 1911 (L. 1911, ch. 554), that Rockland county was omitted from the excepted class, the board of supervisors

**402** STETLER *v.* McFARLANE.

of that county had no jurisdiction to allow to a supervisor charges for committee work done between May 13, 1910, and June 30, 1911.

7. Where a supervisor of Rockland county rendered bills for extra services after June 30, 1911, which are said to include services on days when the board of supervisors was in session, though for such services on those days he was limited to his annual salary, such bills cannot be allowed upon the ground that the statute does not exclude payment for services rendered on a day when there was a session, if rendered at some other hour or hours. The substitution, by the amendment of 1910, of a salary for the *per diem* fee, as compensation for attendance at the sessions, does not justify an audit and allowance for double compensation. If, however, the board, intending to exclude payment for the days when the board was in session, made an honest mistake in dates, its award though erroneous is not void, and hence is not subject to collateral attack. But if it proceeded upon an erroneous construction of the statute, and with knowledge of the facts gave compensation which should have been withheld, it went beyond its jurisdiction. There is evidence in this case which permits the latter inference.

8. Where an allowance by a board of supervisors for extending liens upon the tax rolls and for incidental computation appears to be void for want of jurisdiction rather than merely an erroneous audit, the allowance must be set aside.

9. Where some of the bills presented by a supervisor for audit and allowance are criticised as inadequately itemized, others as imperfectly verified or based upon an error in dates, such defects are insufficient of themselves to make out a case for restitution of the payments made under the allowance of such bills.

*Stetler* v. *McFarlane*, 181 App. Div. 957, reversed.

(Submitted January 24, 1921; decided March 1, 1921.)

APPEAL from a judgment, entered January 21, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John S. Sickels* for appellants. Defendant could not legally charge the county any fee or compensation not expressly authorized by statute. (L. 1909, ch. 51, § 67;

*Wadsworth* v. *Board of Supervisors,* 217 N. Y. 484; *Gibson* v. *Roach,* 2 App. Div. 86; *People ex rel. Caldwell* v. *Supervisors of Saratoga County,* 45 App. Div. 42.) The board of supervisors had no jurisdiction to audit various charges of defendant which the bills themselves showed to be of an illegal nature. (*Goillotel* v. *Mayor, etc.,* 87 N. Y. 441; *Matter of Miller,* 110 N. Y. 216; *People ex rel., etc.,* v. *Miller,* 179 N. Y. 227; *People* v. *B. F. & C. T. R. Co.,* 89 N. Y. 75; *Wallace* v. *Jones,* 122 App. Div. 497; 195 N. Y. 511; *People ex rel. McCabe* v. *Mattheis,* 179 N. Y. 242; *People* v. *Sutherland,* 207 N. Y. 22; *Smith* v. *Hedges,* 223 N. Y. 176.) The board of supervisors had no jurisdiction to audit various charges of defendant which were clearly prohibited by law, even though the illegality did not appear on the face of the bills. (*Matter of Pinney,* 17 Misc. Rep. 24; *People ex rel.* v. *Bd. of Suprs.,* 18 Barb. 567; *Osterhoudt* v. *Rigney,* 98 N. Y. 222.) Proof that the board of supervisors had no jurisdiction to audit defendant's charges will sustain a recovery of these charges in this action, and the court below erred in dismissing the complaint because no collusion had been proved. (*Osterhoudt* v. *Rigney,* 98 N. Y. 222; *Smith* v. *Hedges,* 223 N. Y. 176.)

*James M. Gray* for respondent. There is no finding of fraud, deceit or collusion, and the case was treated by the trial court and the plaintiff solely as an action on an implied contract to repay moneys erroneously received. The court simply reaudited the bills. The moneys were paid to defendant before the action was commenced, on bills rendered for services performed. The bills were all audited by the board of supervisors, and defendant took no part in the audit, his position in the transaction being like that of any other claimant against the county. The defendant did not default, or withhold any moneys of the county he had received in an official capacity and the moneys were not received by him in any official capacity. There is

no finding of the facts which were before the board when it audited the bills; there is no finding of the methods of computation employed by the board; there is no finding of the contents of the bills and no finding showing whether the alleged illegality appeared on the face of the bills. On this state of findings no recovery can be had in a taxpayer's action, and the dismissal of the complaint by the Appellate Division was proper. (*Wallace* v. *Jones,* 195 N. Y. 511; *Daly* v. *Haight,* 170 App. Div. 470; 224 N. Y. 726; *Shiebler* v. *Smith,* 226 N. Y. 591; 178 App. Div. 925; *Crozier* v. *Richardson,* 226 N. Y. 595; 178 App. Div. 927; *Smith* v. *Hedges,* 223 N. Y. 176.) While the audit may be attacked by a taxpayer, he must put appropriate allegations into his complaint to attack it on any ground. He cannot attack it under a complaint which does not contain allegations of fact against it; or a prayer that it be disregarded. (*Wallace* v. *Jones,* 182 N. Y. 37.) Defendant's charges for committee work performed between May 13, 1910, and June 30, 1911, were reaudited by the trial court and disallowed by it, on the ground that the law was altered on May 13, 1910, so as to forbid compensation for committee work, and again altered on June 30, 1911, so as to permit compensation. But as the defendant had been elected for the two years beginning January 1, 1910, this alteration was inapplicable to him and the board had a right to audit the bills under the old law. (*Kerrigan* v. *Force,* 68 N. Y. 381.)

CARDOZO, J. Taxpayers of Rockland county ask that the defendant, a supervisor, return to the public treasury payments challenged as illegal (General Municipal Law, section 51; Consol. Laws, ch. 24). The board of supervisors of the county audited and allowed the bills. The Special Term held that most of the items now contested were allowed without jurisdiction, and that the defendant must return the moneys illegally received. He and the public officers who paid him were declared guiltless of

willful wrong; the payments had been made and accepted under a mistaken claim of right. Both parties appealed to the Appellate Division, the defendant objecting that the plaintiffs had recovered anything, the plaintiffs that they had not recovered more. The Appellate Division held that the payments, even though illegal, were not subject to reclamation in an action by a taxpayer, unless, in addition to being illegal, they were fraudulent and collusive. The judgment was, therefore, reversed, and the complaint dismissed.

We think a public officer receiving public moneys without right may be charged with the duty of restitution at the instance of a taxpayer though he received them without fraud (*Smith* v. *Hedges*, 223 N. Y. 176). Audit in good faith may serve to establish right when the action of the auditors is assailed on the ground of error in the estimate of evidence (*Smith* v. *Hedges, supra*). Audit, however innocent, does not avail as a retroactive grant of power, to give validity to action in excess of jurisdiction (*Smith* v. *Hedges, supra*). We must distinguish the liability of those who receive from the liability of those who pay. Payment to another without profit to one's self will not expose to liability at the instance of a taxpayer after the transaction has been executed without fraud or willful wrong (*Wallace* v. *Jones,* 195 N. Y. 511; *Daly* v. *Haight,* 224 N. Y. 726). The result will not be changed, it seems, though the one who profits is a joint defendant, if joint relief is claimed (*Wallace* v. *Jones; Daly* v. *Haight, supra*). Fraud in such cases has been treated as the gist of the conspiracy. We need not now inquire whether that is always the sound view. Here there is but one defendant, the public officer who retains to his own use the moneys which, if collected without right, are still the moneys of the county. *Smith* v. *Hedges (supra)* sustains the remedy of a suit by taxpayers in its application to such conditions. The right of action does not find its sole basis in those parts

of section 51 of the statute (General Municipal Law [Cons. Laws, ch. 24]) which were considered in *Wallace* v. *Jones* and *Daly* v. *Haight*. It rests as well upon the opening sentences of the section which broadly impose the duty of restitution when moneys, in the hands of a public officer, of right belonging to the public, are wrongfully withheld. The remedy at the suit of taxpayers has steadily widened in scope since its beginnings in 1872 (L. 1872, ch. 161; *Altschul* v. *Ludwig*, 216 N. Y. 459). We have said that the statutes which define it are to be liberally construed (*Ayers* v. *Lawrence*, 59 N. Y. 192, 196). We are unwilling by any narrow interpretation, by any emphasis on verbal niceties, to give exemption to the public officer in possession of public moneys who retains them for himself. The character of such moneys, while in the hands of the delinquent officer, is not changed, in respect at least of civil remedies, because the retention is under claim of right. They are held to the public use unless the claim can be sustained (*People* v. *Wood*, 121 N. Y. 522; *People* v. *Sutherland*, 207 N. Y. 22). We do not now determine the application of the statutory remedy to other situations. Sufficient for present purposes is the decision of the case before us.

The defendant, then, is liable for payments innocently received, if there was usurpation of jurisdiction in their allowance by the auditors. To determine jurisdiction, we must examine, one by one, the classes of contested items.

1. The defendant submitted bills for attending meetings of the board of county canvassers and inspectors, for reporting, correcting and recapitulating the assessment and tax rolls, and for preparing the annual town statement, a separate statement to the board of supervisors, and a list of incorporated companies. We find no basis in the statutes for any of these charges. The audit and allowance exceeded the jurisdiction of the auditors, and the payments made must be returned.

2. The defendant submitted bills for services rendered

in connection with county highways. The statute draws a distinction, which it is unnecessary to elaborate, between county highways and county roads (Highway Law, section 3 [Consol. Laws. ch. 25], as amended by L. 1910, ch. 567, and L. 1911, ch. 254). The services rendered by the defendant were in connection with county highways. Each supervisor was appointed by the board as a committee to take charge of the county roads within his town. There being in Rockland county no county roads in the strict sense, we may assume that what was meant was the charge of county highways. The defendant insists that for his services in this connection he is entitled to *per diem* compensation as for other services rendered as the delegate of the board (County Law, section 23; Consol. Laws, ch. 11). There might be merit in this claim if it were not for the fact that for services in respect of highways he has received other compensation which the statute declares to be exclusive. Section 110 of the Highway Law (Consol. Laws, ch. 25) provides that " the supervisor and town clerk of each town shall receive annually, as compensation for services under this chapter in lieu of all other compensation and fees, an amount to be fixed by the town board. Such compensation shall be a town charge." The defendant has received compensation from the town. The question is whether he is entitled to compensation from the county. His argument is that since section 110 is found in the article relating to town highways, the compensation which it secures is for services in connection with town highways, and no others. The statute says that the payments shall be compensation for " services under this chapter," and in lieu of all other fees. The defendant construes it as if it read that the payments shall be for " services under this article of this chapter," services under other articles to be, however, unaffected.

We think that construction inadmissible. The payments made to a supervisor under section 110 of the

Highway Law are in full for every service which his compliance with that law occasions, whether he renders the service alone or as a member or committee of a board. Duties may be subdivided and apportioned among members for convenience of administration, but not with the result of adding to fees limited by statute. Personal in any event remains the service, and personal the reward. The board is not competent to swell the compensation of its members beyond the statutory maximum by distinguishing supervisors as individuals from supervisors as delegates, and awarding to the delegates the fees which the individuals must refuse. The legislature will have to speak more plainly before we will assume that such results were contemplated. The most that can be said in favor of the defendant is that the general language of section 23 of the County Law involves the construction of section 110 of the Highway Law in some measure of uncertainty. The uncertainty, we think, must be resolved in favor of the taxpayers. The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted (Public Officers Law, sec. 67; Consol. Laws, ch. 47; *Crofut* v. *Brandt,* 58 N. Y. 106, 109; *Gibson* v. *Roach,* 2 App. Div. 86, 88). The defendant is unable to satisfy that test. We think the board of supervisors exceeded jurisdiction in the allowance of these charges.

3. The defendant submitted bills, at a *per diem* rate, for services in the discharge of duties when the board was not in session. The bills are attacked upon the ground that the services upon the days enumerated occupied a part only of each day, and also upon the ground that the defendant in rendering them was not the delegate of the board.

Section 23 of the County Law (Consol. Laws, ch. 11, as amended by L. 1911, ch. 554) provides that " each supervisor * * * may also receive compensation from the county at the rate of four dollars per day while

actually engaged in any investigation or other duty, which may be lawfully committed to him by the board, except for services rendered when the board is in session." The plaintiffs construe this to mean that payment is to be made upon a graduated basis, four dollars for a full day's work, and a proportionate sum for less. We are unable to accept that construction of the statute. Supervisors cannot always pick and choose the days and hours of their service. They must deal with the business of each day as the day and its emergencies require. What rule ought to be applied where there has been a fraudulent prolongation of activities, we need not now determine. That is not the situation found or proved. We think the statute means that a supervisor acting in good faith, shall be paid for every day upon which service is rendered in the performance of delegated duties. The notion of service does indeed import a measure of activity not wholly nominal and unsubstantial. It does not fairly include activities so trivial or inappreciable as to fall within the doctrine of *de minimis*. Except in a few instances, we cannot say, as a matter of law, that the defendant's services must be excluded upon the application of that test. The determination of their character was within the jurisdiction of the board of supervisors, who might supplement by other sources of information the vague and inconclusive description upon the face of the defendant's bills. Allowance, in the absence of fraud, may not be nullified for error only (*Smith* v. *Hedges, supra*). We think there are a few instances, however, where the bills disprove the claim, and leave no room for the exercise of judgment and discretion. The defendant charged at times for the mere receipt of a letter or other document having relation to official business. There is no license of construction, however liberal, that would justify us in ranking this as a service, the performance of a duty, within the meaning of the statute. Service in such a context implies action, whether

physical or mental. Passive receipt of a document without more, calls for nothing in the way of action, or at best for action that is negligible. There is no suggestion in the bills that the letters were the subject of study or reflection. Jurisdiction was exceeded when such items were approved. We may suspect that many other items were trivial and unsubstantial. That does not appear, however, as a matter of law, upon the proofs submitted to the board. Allowance in such circumstances was within the jurisdiction of the auditors, whose decision was at most erroneous.

We do not overlook the objection that the defendant was not the authorized delegate of the board in the rendition of his services. All that the trial court has found upon the subject is that no resolution committing the matters to the defendant is recorded in the minutes. The argument is that the board has a clerk who is required by section 50 of the County Law (Cons. Laws, ch. 11) to make note of its proceedings in books provided for that purpose. From this the conclusion is said to follow that duties are not lawfully committed by the board of supervisors to a member in the absence of a formal resolution adopted and recorded. It was so held in *Wallace* v. *Jones* (122 App. Div. 497, 501). That judgment was, indeed, affirmed in this court, but the affirmance went on other grounds (195 N. Y. 511). Such a ruling, we think, is unduly strict and technical. Neglect of duty by the clerk does not nullify the proceedings which it is his duty to record. Official action is not defeated either by the silence of the minutes or by the absence of other formalities if action was in truth intended (*Bank of U. S.* v. *Dandridge*, 12 Wheat. 64, 70; *Young* v. *U. S. Mortgage & Trust Co.*, 214 N. Y. 279, 285; *Catholic F. M. Society of America* v. *Oussani*, 215 N. Y. 1, 7; *Jorgensen* v. *Squires*, 144 N. Y. 280, 285; 4 Wigmore on Evidence, sec. 2427). The bills submitted for allowance described the service as " committee work," and particularized its nature. The

board of supervisors knew or had the means of knowing whether the description, thus affixed by the claimant, was in harmony with the facts. It knew or had the means of knowing the extent and nature of the duties committed to its members. In the absence of evidence or finding to the contrary, we must presume that it drew upon that knowledge in auditing the defendant's charges.

4. The defendant submitted bills on a *per diem* basis for attendance at board meetings between May 13, 1910, and January 1, 1911, though then limited by statute to a salary, which, however, he did not draw.

The defendant's term of office as supervisor was from January 1, 1910, to December 31, 1911. At the beginning of his term the statute gave him a *per diem* fee and mileage for attending the sessions of the board (County Law, sec. 23, as enacted in L. 1909, ch. 16). On May 13, 1910, the County Law was changed by substituting an annual salary for the *per diem* compensation previously established (County Law, sec. 23, as amended by L. 1910, ch. 279). The defendant argues that the amending statute is unconstitutional if applied to supervisors then in office. It is said to offend article III, section 18, subdivision 10, of the Constitution of the State which prohibits the passage of any local bill decreasing the fees or allowance of a public officer during the continuance of his term. The argument overlooks section 23 of the same article which provides that "sections seventeen and eighteen of this article shall not apply to any bill, or the amendments to any bill, which shall be reported to the legislature by commissioners who have been appointed pursuant to law to revise the statutes." The statute changing the defendant's compensation (L. 1910, ch. 279) was an amendment of the County Law, which forms a chapter of the Consolidated Laws adopted by the commissioners of statutory revision. The statute is, therefore, valid. The defendant may offset, however, the salary which he might have drawn

against the fees and mileage which he drew. Only the excess, if any, is waste or injury of which the taxpayers may complain.

5. The defendant submitted bills for committee work between May 13, 1910, and June 30, 1911, though charges for such services were then unauthorized by law.

The amendment of section 23 of the County Law by the act of 1910 (L. 1910, ch. 279) made provision for extra compensation for committee work at the rate of $4 per day except in enumerated counties, the enumeration then including the county of Rockland. Not till June 30, 1911, was Rockland omitted from the excepted class (L. 1911, ch. 554). The board was without jurisdiction to allow charges for committee work done between those dates.

6. The defendant's bills for extra services after June 30, 1911, are said to include services on days when the board of supervisors was in session, though for services on those days he was limited to his annual salary.

The statute permits a *per diem* charge " except for services rendered when the board is in session " (County Law, sec. 23). The defendant insists that this provision does not exclude payment for services rendered on a day when there was a session, but at some other hour or hours. Until the amendment of 1910 (L. 1910, ch. 279) both classes of services, *i. e.*, attendance at the board and work as member of a committee, were paid on a *per diem* basis. There certainly was no intention then that for work on the same day there should be double compensation. The substitution of a salary for a fee as compensation for attendance at the sessions does not justify us in holding that there may be double compensation now.

The question remains whether the defendant is protected in respect of these items by audit and allowance. If the board, intending to exclude payment for the days when it was is session, made an honest mistake in the

ascertainment of the dates, its award though erroneous is not void, and hence is not subject to collateral attack (*Smith* v. *Hedges, supra,* at p. 181). If, however, it proceeded upon an erroneous construction of the statute, and with knowledge of the facts gave compensation which should have been withheld, it went beyond its jurisdiction (*Smith* v. *Hedges, supra*). In this case, the inference is, we think, permissible that jurisdiction was exceeded. The bills ought to have negatived the exception stated in the statute by showing that the extra services were rendered on days when the board was not in session. In fact they were silent on the subject. The board appears to have allowed them without any investigation, proceeding seemingly on the theory that investigation was unnecessary since the dates were immaterial. Such an interpretation of its action, if a true one, invalidates the payments. A new trial will permit a more searching inquiry into the basis of the audit, and the jurisdiction of the auditors.

7. For extending lines upon the tax rolls and for incidental computations, the defendant submitted bills in excess of the statutory charges.

The only question here is whether the allowance by the board of supervisors is to be condemned as merely erroneous or as void for want of jurisdiction (*Smith* v. *Hedges, supra*). We think there is evidence to bring it within the second of these classes. The inference is permissible that the board considered and understood the defendant's method of computation, which was thus adopted as its own. A new trial, however, may elucidate the subject farther.

8. Some of the defendant's bills are criticised as inadequately itemized (County Law, sec. 24) and others as imperfectly verified (sec. 24).

We think such defects of form, if we were to regard them as established, would not impose upon the defendant a duty of restitution. They would charge him at the

utmost with the burden of going forward with the evidence to explain the doubtful charges. That burden assumed, the duty of restitution, does not arise unless defects inhering in the substance of the claim make it inequitable or illegal that the moneys .be retained. The plaintiffs do not satisfy that requirement when it appears that the moneys are retained in satisfaction of a lawful debt (*Bush* v. *Coler*, 60 App. Div. 56; 170 N. Y. 587; *Bush* v. *O'Brien*, 164 N. Y. 205). The existence of such a debt does not depend, as an indispensable condition, upon audit and allowance. A claimant, without resort to these formalities, may pursue his remedy in the courts by suit against the county (*N. Y. Catholic Protectory* v. *Rockland County*, 212 N. Y. 311). We need not now consider the effect of irregular proofs of claim if objection by the taxpayer is made while preventive remedies are appropriate (*Osterhoudt* v. *Rigney*, 98 N. Y. 222, 232). We think defects of form are insufficient of themselves to make out waste and injury when a transaction has been consummated, and a lawful debt discharged (*Bush* v. *O'Brien; 'Bush* v. *Coler, supra*).

9. The defendant submitted a bill for attendance at a meeting of the board of supervisors on January 17, 1910. The meeting in fact occurred on January 11, 1910. The error does not compel the restitution of the payment.

If some of the contested items have not been mentioned in this opinion, the principles here announced will be adequate, we think, to determine their validity.

The 'judgment of the Appellate Division and that of the Special Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.