SOUTH BUFFALO TERMINALS, INC., as a Taxpayer of the County of Erie, Plaintiff, *v.* GEORGE L. GROBE and Others, Defendants.*

Supreme Court, Erie County, November 26, 1932.

*Affd., 238 App. Div. 881.

*George C. Riley* and *William E. Barrett*, for the plaintiff.

*John J. Brown*, for the defendant George L. Grobe.

*George L. Grobe, County Attorney*, for the defendants, Board of Supervisors of Erie County and another.

PIERCE, J.   This action is brought pursuant to the provisions of section 51 of the General Municipal Law, asking for a judgment requiring each of the defendants to restore to the county of Erie the various amounts of the funds of the county of Erie paid to said defendants as salaries and found to be wasted and misappropriated as the result of such payment, such a recovery to be in the amount received by them, respectively.

That the defendants, board of supervisors, John C. O'Leary, individually, Frederick C. Gaise and Charles Ulrich, individually, be adjudged personally liable and responsible for the return to the county of Erie of all moneys paid by reason of their illegal certification, recommendation, audit or unauthorized payment of claims constituting waste.

That the defendants M. Edwin Merwin, George L. Grobe, and the members of their so-called staffs, who have received funds of the county of Erie from items of expense D in the budget for the years 1930, 1931 and 1932, which shall be adjudged to have been paid on illegal claims and which were approved and audited by said county officials, be adjudged and declared personally liable to the county of Erie.

That restitution be decreed to the said county of Erie for all amounts wrongfully and illegally certified, recommended and ordered paid, and that the said defendants be adjudged to restore and make good to the county said sums; and that the defendants George L. Grobe, the board of supervisors of Erie county, John G. O'Leary, as chairman of the board of supervisors, Frederick C. Gaise, as auditor, and Charles Ulrich, as treasurer, be permanently enjoined and restrained from certifying, recommending, countersigning, auditing or paying salary or payroll claims described as " Salary A " in the budget for 1932, or any sum of money claimed as such salaries, except sums actually due to George L. Grobe for salary actually earned subsequent to July 27, 1932, and from recommending,

certifying, approving, auditing or paying or countersigning warrants for the payment of any of the items of the budget for the year 1932 designated " Expense D " except claims made by persons contracting with the county of Erie through its duly authorized officers or employees for services rendered or materials delivered to the county and excepting reimbursements to duly constituted officers or employees of the county for expenditures actually made by them as such on claims properly verified in accordance with the provisions of chapter 173 of the Laws of 1895 and the acts amendatory thereof.

All of the above named defendants appeared in said action, either by the county attorney or by counsel personally employed. Proofs in the action were taken before me at an equity term, which further developed the claims of the respective parties.   In brief, the plaintiff's contention is that at no time since 1907, when the county was authorized to employ a county attorney, has it had any authority to employ assistants to the county attorney or to employ counsel other than the one regularly designated as county attorney; that at no time has the board of supervisors of the county of Erie had authority to reimburse the county attorney for his disbursements for office rent, stenographic service, telephone bills, traveling expenses, and the like, and that when the present county attorney was designated in January, 1932, there was no law authorizing the appointment of a county attorney in the county of Erie, and, therefore, that all payments which were made to Mr. Merwin during the years 1930 and 1931 to reimburse him for such expenditures, were unauthorized and constituted a waste of county property, and that the payments made to Mr. Grobe and his assistants were unauthorized, illegal and a waste of county property, for the reason that there was no law in January, 1932, authorizing the appointment of a county attorney.   The disposition of the issues raised in this case depend very largely, if not entirely, upon a construction of the County Law and the general authority of the board of supervisors and the various county officials to incur expenses for which the county would be responsible.

Independent of any specific authorization to appoint a county attorney, the board of supervisors of a county and the public officials of a county have possessed and had the general authority to employ counsel to advise and assist in the performance of their duties as county officials.

Prior to 1907, when the employment of a county attorney was first authorized, the superintendent of the poor had power to employ an attorney to conduct bastardy proceedings and was responsible to such attorney for his services and such services were a county

charge, subject to the audit of the board of supervisors. (*Neary* v. *Robinson*, 98 N. Y. 81.)

The board of supervisors of a county has implied power to employ an attorney and counsel whenever the necessity arises for his services and has, in common with other clients, the right to discharge such attorney and counsel whenever and for whatever reason it deems fit, subject only to the duty of paying the discharged attorney and counsel all money due him. (*Vincent* .v. *County of Nassau*, 45 Misc. 247; affd., 210 App. Div. 750.)

A county board of commissioners of excise has power to employ an attorney to conduct the prosecution for penalties which they are authorized to institute, and as it acts as the agent of the county in so doing, the claim for such services is a county charge. (*People ex rel. Johnson* v. *Board of Supervisors of Delaware County*, 45 N. Y. 196.)

The board of supervisors has the general care and custody of the corporate property of the county (County Law, § 12). It has the power, and it is its duty, to audit all accounts and charges against the county and direct annually the raising of sums of money necessary to pay them in full (County Law, § 12, subd. 2). Section 240 of the County Law defines generally what are county charges. Subdivision 9 defines as a county charge the moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law, including the printing of copies of the calendar for a term of the Supreme Court held within the county. Subdivision 15 defines as a county charge the expenses necessarily incurred and sums authorized by law, or by the board of supervisors pursuant to law, to be raised for any county purpose.

The foregoing powers and duties are all independent of section 210 of the County Law, which authorizes the appointment of a county attorney. This section now reads as follows:

" The board of supervisors in any county may appoint a county attorney to act during the term of office for which the then members of such board were elected, provided, however, that such attorney shall continue in office thereafter until his successor has been appointed, or, until he has been notified, by the succeeding board, that his employment is discontinued. His salary shall be fixed by the board of supervisors and be a county charge. A county attorney may be removed by the appointing board for inefficiency, neglect of duty or misconduct in office, but only after notice and an opportunity to be heard. The board of supervisors may, by local law prescribe the duties of the county attorney, which duties may

include the services to town boards and town officials when not in conflict with the interests of the county."

A law similar to the above quoted section has been in force since 1907. In 1931 the law was amended so as to make it applicable only to counties of less than 500,000 population (chap. 485, Laws 1931). By chapter 529 of the Laws of 1932 the section was amended by striking out the words " by less than five hundred thousand population." This amendment took effect March 30, 1932, so that, so far as the questions in this case are concerned, the law stands as it has since 1907, with the exception of the two or three months, during which time there was no specific authority for the county of Erie, through its board of supervisors, to appoint a county attorney.

As the law now stands, the board of supervisors apparently has the right to pursue any one of three courses: *First*, appoint no county attorney, employ counsel whenever necessary, permit each county official to employ counsel whenever the work of his department renders it necessary or advisable, audit the bills for such legal service and order the same paid from the county funds; *second*, appoint a county attorney with the distinct understanding and contract that the salary fixed shall include compensation for the performance of all legal services which the county may require, including disbursements, such as office rent, stenographic service, telephone and telegraph service, traveling expenses and, in fact, services required by the county or any of its public officials; or, *third*, appoint a county attorney and fix his salary, which shall include his personal service to the board and any of the county officials, which contract of employment shall specifically provide and be understood to be compensation for his personal service, and, by an appropriate appropriation, in preparing a budget for the fiscal year, include items for the employment by the county attorney, under the direction of the board of supervisors, of a sufficient, competent staff of attorneys, stenographers and assistants to properly perform the county's legal services. As I see it, the board of supervisors could pursue any one of the above named three courses and be acting within the rights and powers as public officials of the county of Erie and its action would not be subject to review or correction by a court, unless it acts corruptly and unnecessarily and wantonly disburses the county's money in a manner which could be held wanton and wasteful. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330.)

The duties of county officials in recent years have been very materially increased. Many of the roads and highways of the county are now under the supervision, to some extent at least,

of the county. The duty of acquiring the right of way for new or changed highways is imposed upon the county. This involves negotiations for contract of purchase, an examination of title and in many cases the institution and prosecution of condemnation proceedings. The county is made liable for injuries caused by defective highways. This involves the defense of many personal injury actions. Unpaid taxes on real estate can now be collected by a foreclosure of the tax scrip. There are many thousands of these now in process of foreclosure. The commissioners of election require the services of attorneys in various proceedings instituted against them. The commissioner of charities requires the services of an attorney almost constantly in bastardy proceedings. The county park system involves the examination of titles of land purchased for park purposes and the institution of condemnation proceedings. These and many other activities are known to all and impose upon the county and its officials a great amount of legal service which was unknown and unauthorized a few years ago. These added burdens, of course, do not authorize the expenditure of the county's money unless it can fairly be included within the directions of the statute.

Neither a county attorney, nor any one of his assistants, is a public officer. (*Matter of Dawson* v. *Knox,* 231 App. Div. 490.)

They do not represent the county in any sense other than as an attorney in giving advice and acting in legal matters. They cannot bind the county other than as an attorney can bind a private client in the litigation in which he is employed.

Counsel for the plaintiff seems to make a distinction between the legality of a disbursement for rent, telephone service, stenographers' bills, and such, for the reason that he makes no claim to be reimbursed for office rent paid to the owners of the White building during Mr. Merwin's incumbency, but says that the amount paid to Mr. Grove to reimburse him for rents paid to the Ellicott Square Company was illegally paid and should be returned. I fail to see the distinction. They are both paid for the same purpose. They are both for a county purpose, and if the amount paid to Mr. Grobe had been expended by him for a purpose authorized by the board of supervisors, it was as legal as though the disbursement had been made under a contract entered into between the county of Erie and the Ellicott Square Company. That is true of the telephone bills, the telegraph bills, bills for recording papers, etc. These disbursements were all made pursuant to authorization by the board of supervisors. The amount disbursed was within the appropriation made for those purposes.

(*People ex rel. Newburgh News P. & P. Co.* v. *Board of Supervisors,* 140 App. Div. 227.)

Some claim was made upon the trial as to the insufficiency of the claims as presented, as to the form of the certification and verification of the claim. Whatever the defect, if any, was cured I think by proof which showed, without dispute, that all payments made were within the appropriation and for the purposes specified in the appropriation, and under these circumstances, as was said by Judge Cardozo, writing for the Court of Appeals:

" We think such defects of form, if we were to regard them as established, would not impose upon the defendant a duty of restitution. They would charge him at the utmost with the burden of going forward with the evidence to explain the doubtful charges. That burden assumed, the duty of restitution does not arise unless defects inhering in the substance of the claim make it inequitable or illegal that the moneys be retained. The plaintiffs do not satisfy that requirement when it appears that the moneys are retained in satisfaction of a lawful debt." (*Stetler* v. *McFarlane,* 230 N. Y. 400, 413.)

The plaintiff, in order to succeed, must establish illegality and waste. Illegality alone is not sufficient. (*Western New York Water Co.* v. *City of Buffalo,* 242 N. Y. 202.)

By a misapprehension of the law, a county attorney was appointed in January, 1932. The change in section 210, which had been made in 1931, was not appreciated and apparently was not intended, because the correction was made as soon as the attention of the Legislature was called to the fact that Erie county needed a county attorney, and that no authority existed for his appointment. Mr. Grobe and his assistants were reappointed after the change in 1932. All of his acts done in the interim were ratified and approved by the board of supervisors by unanimous act. He and all of his assistants had performed the service which had been assigned to them. The county, through its board of supervisors recognized the fact that all of them had been mistaken as to the law; that the service had been performed in the belief that the appointments were legal and regular, and that under those circumstances the compensation provided for by the appointment should be made. A moral obligation existed, which would support its payment for the reasonable value of the services performed, and whatever proof there is as to the value of the services, is that it equaled or exceeded the amount provided for in the employment of January, 1932. (*Gaynor* v. *Village of Port Chester,* 230 N. Y. 210.)

Objection was made to the payments upon the ground that some or all of the employees had not taken and filed the consti-

tutional oath provided for by section 30 of the Civil Service Law. Some of the parties had not subscribed and filed this oath. All of those now employed have taken and filed such oath.

The gist of this action is collusion, as alleged in the complaint. The proof failed to establish that fact and, therefore, so far as restitution of payments already made is concerned, the plaintiff cannot succeed. (*Wallace* v. *Jones,* 122 App. Div. 497; affd., 95 N. Y. 511; *Stetler* v. *McFarlane,* 230 id. 400.)

Other questions were raised upon the trial, but their determination is unnecessary, if I am correct in the interpretation of the power and authority of the board of supervisors under the law as it existed at the time of its several acts.

Plaintiff's complaint should be dismissed, with one bill of costs against the plaintiff.