LOUIS E. BAUER, Appellant, v. CITY OF NIAGARA FALLS, NEW YORK, and Others, Respondents.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The city is prohibited by the Constitution from using its money for anything other than municipal purposes. (State Const. art. 8, § 2.) The provision of the City Charter if construed to give the city power to bid more than the amount of its tax liens for property for which it has no use, is certainly unconstitutional. When the bids for public property are more than the amount of its tax liens, the excess moneys are not used for city purposes. Especially is this so when the land acquired is not needed for public purposes. After paying not only the amount of the city tax liens but also the county tax liens and the amount of the tax certificates held by the Midland Land Development Company, there was turned over to the county treasurer surplus moneys, amounting to $11,163.31, The county treasurer, after deducting his fees, gave the balance of such surplus moneys, amounting to $10,966.26, to the defendant, Hovey. This defendant, who had purchased the land in question at a sale held by a trustee in bankruptcy for the sum of $625, seems to have been the only one benefited by the excessive bid made by the city in this case. Hovey, as attorney for the plaintiff in the tax foreclosure action, attended the sale and bid against the corporation counsel until the latter had bid up to the sum of $18,000. The property bid in by the city was assessed for $11,820. The amount of city taxes due on said property with interest and penalties

at the time of the sale was $3,712.04. The tax certificates held by the Midland Land Company, a corporation controlled by Hovey, amounted to $1,814.93. The amount paid to Hovey's legal firm for costs and disbursements in the action was $231.16; $642.12 was paid to the county treasurer for county taxes due on the property. A taxpayer's action may be brought to restrain or set aside an illegal official act of an official of a city which causes waste or injury. (*Olmsted* v. *Meahl*, 219 N. Y. 270; *Holton* v. *Board of Supervisors, Monroe County*, 245 App. Div. 144.) It certainly is a waste of public money for a city to purchase property for which it has no use and thus cause its removal from the tax roll and the loss of taxes which would otherwise be paid upon it. It must be assumed that expenditures and violations of the constitutional provision would cause waste or injury to the municipality. If the provision of the charter of the city of Niagara Falls, relied upon herein, is unconstitutional, then there is no question that a taxpayer's action lies to recover expenditures made in reliance on such unconstitutional provision. The judgment should be reversed on the law and facts and a new trial granted. All concur, except Crosby, P. J., who dissents and votes for affirmance on the authority of *Western New York Water Co.* v. *City of Buffalo* (242 N. Y. 202); *South Buffalo Terminals, Inc.*, v. *Grobe* (148 Misc. 646; affd., 239 App. Div. 881); *Eastman Kodak Co.* v. *Richards* (123 Misc. 83); *Daly* v. *Haight* (170 App. Div. 469; affd., 224 N. Y. 726); *Leffingwell* v. *Scutt* (221 App. Div. 462). (The judgment dismisses plaintiff's complaint on the merits in a taxpayer's action to revoke purchase of realty by a city.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.