danger which caused his death or that any greater care by defendant could have averted the accident.

*Maher* v. *Madison Square Garden Corp.*, 215 App. Div. 653, reversed.

(Argued January 18, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 9, 1925, affirming a judgment in favor of plaintiff entered upon a verdict.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant.

*Leon Sanders* and *Walter E. Godfrey* for respondent.

*Per Curiam.* The evidence establishes that plaintiff's intestate, a boy fourteen years of age, was drowned in a swimming pool conducted for profit by the defendant. Though the swimming pool was crowded at the time, apparently no one saw the fatality. We know only that he was playing in the pool one afternoon and his dead body was found in another part of the pool the next morning, and that death was caused by asphyxiation. No inference can be drawn that by act or omission of the defendant or any of its employees the boy was placed in a position of danger which caused his death, or that any greater care by the defendant could have averted accident. The judgments should be reversed and complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgments reversed.

---

WESTERN NEW YORK WATER COMPANY, Respondent, *v.* CITY OF BUFFALO et al., Appellants.

*Buffalo* (*city of*) — *municipal corporations* — *taxpayer's action to enjoin city from selling and supplying water outside of its boundaries.*

*Western New York Water Co.* v. *City of Buffalo*, 214 App. Div. 809, reversed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial

department, entered July 21, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term. Said judgment enjoined the city of Buffalo from supplying and the Farrel Foundry and Machine Company, Inc., from receiving water from the mains of said city delivered on a vacan'; piece of property within the limits of the city of Buffalo owned by the Farrel Foundry and Machine Company, . Inc., and adjoining property owned by the same company in the town of Tonawanda along the northerly line of the city of Buffalo. The action was brought by the Western New York Water Company as a taxpayer of the city of Buffalo under section 51 of the General Municipal Law.

*Frederick C. Rupp*, Corporation Counsel (*Frank C. Westphal* of counsel), for City of Buffalo et al., appellants.

*William S. Rann* for Farrel Foundry and Machine ( ompany, Inc., appellant.

*Roscoe R. Mitchell* and *Preston M. Albro* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Western New York Water Co.* v. *City of Buffalo* (242 N. Y. 202); no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WILLIAM J. CRITTENDEN, Appellant, *v.* SAMUEL BA .IKIN, Respondent.

*Equity — usury — stolen bonds pledged to defendant to secure usurious loan — action in equity to have owner of bonds adjudged borrower, the note declared void for usury and bonds returned to plaintiff cannot be maintained — loan may not be attacked by plaintiff for usury — remedy, if any, at law in action of replevin or for conversion.*

*Crittenden* v. *Barkin*, 212 App. Div. 232, affirmed.

(Argued January 15, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered April 1, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for judgment on the pleadings and granted said motion. The