BROCKWAY MOTOR TRUCK CORPORATION and Another, Plaintiffs, v. THE CITY OF NEW YORK and WILLIAM SCHROEDER, JR., and Others, Constituting the Sanitation Commission of the City of New York, Defendants.

Supreme Court, New York County, December 8, 1931.

*Joseph L. Greenberg*, for the plaintiffs.

*Arthur J. W. Hilly, Corporation Counsel* [*Nelson Rosenbaum* of counsel], for the defendants.

WASSERVOGEL, J. Plaintiffs seek to restrain defendants from carrying into execution any plan or device with respect to the purchase by the department of sanitation of the city of New York of automotive equipment for which bids have been received.

Plaintiffs allege that in the specifications for bids issued by defendants the following conditions were named: " (c) That the manufacturer of the chassis has in operation a factory adequate for and devoted to the manufacture of the motor and completely controls the manufacture of the transmission, front and rear axle, which it proposes to furnish in the chassis." " (f) That the manufacturer of the chassis has been engaged in the continuous manufacture and advertised sale of motor truck chassis for at least ten years." It is claimed that these conditions do not afford full opportunity for open, free and competitive bidding, and that the requirement that bidders "be engaged in the continuous manufacture and advertised sale of truck chassis for at least ten years " is unfair, unreasonable and arbitrary.

The complaint in an action such as this must allege either (1) abuse of power on the part of defendants or corruption, fraud or bad faith amounting to fraud, or (2) illegal acts on the part of defendants which are injurious to the public interests; otherwise the acts of a public officer which involve the exercise of judgment and discretion cannot be restrained. As was held in the case of *Western N. Y. Water Co.* v. *City of Buffalo* (242 N. Y. 202, 206): " Mere illegality is not enough. The very nature and purpose of a taxpayer's action like the present one presumes that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests and that if permitted to continue it will in some manner result in increased burdens upon and dangers and disadvantages to the municipality and to the interests represented by it and so to those who are taxpayers. It was not the intention of the statute that a taxpayer shall be allowed to intervene and bring to the decision of the courts every act of a municipal officer which may be claimed to be illegal, although concededly it is entirely innocuous. There are other penalties than a taxpayer's action for those municipal officers who disregard their responsibilities and transgress their limitations. This rule limiting such a right of action is firmly established and was so recently and fully stated by this court in the case of *Altschul* v. *Ludwig* (216 N. Y. 459) that it seems unnecessary to repeat or attempt to amplify it at any great length. It was there said: ' The mere illegality of the official act in and of itself does not justify injunctive relief at the request of the taxpayer. To be entitled to this relief, when waste or injury is not involved, it must appear that in addition to being an illegal official act the threatened act is such as to imperil the public interests or calculated to work public injury or produce some public mischief.' "

It is not sufficient for plaintiffs to allege that plaintiff corporation and " that class of manufacturers to which plaintiff belongs is being unlawfully discriminated against and unlawfully excluded," nor does the allegation that " unless this court grants an injunction restraining the defendants from carrying out the plan aforesaid *that it will be a fraud upon the taxpayers of the City of New York* " present facts which tender an issue of fraud.

Complaint dismissed, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days upon payment of such costs.