UTICA GAS AND ELECTRIC COMPANY, Respondent, *v.* C. LESTER MERRY and Others, as Trustees of the Village of Frankfort, Herkimer County, N. Y., and Others, Appellants.*

■

* Motion to dismiss appeal denied, 263 N. Y. 566.

Orders affirmed, with ten dollars costs and disbursements as to each appeal. The contract constitutes an illegal waste because prohibited by section 128-a of the Village Law, added by chapter 852 of the Laws of 1928. The purchase price is a debt of the village. (*Newell* v. *People*, 7 N. Y. 9.) Subdivision 37 of section 89 of the Village Law is especially made subject to other provisions of the Village Law and is, therefore, subject to section 128-a (*supra*). The expenditure was not included in the budget and there was no resolution to borrow on bonds or other obligations. All concur, except Thompson, J., who dissents in an opinion.

THOMPSON, J. (dissenting). The plaintiff is a taxpayer of the village of Frankfort and brings suit under section 51 of the General Municipal Law. The action is based, *first*, upon a claim that a contract between the defendants McIntosh and Seymour Corporation and the village of Frankfort for the sale of three Diesel engines and other equipment with which the village proposes to manufacture electric current for its electric lighting plant is illegal, in that it wrongfully interferes with an alleged existing contract between the plaintiff and the village; and *second*, that it is invalid and beyond the power of the village to make and its fulfillment by the village will be a waste of the funds of the village; and it seeks a judgment declaring the contract illegal and void, and an injunction restraining the defendants from carrying it out. This is an appeal by various individual defendants, constituting the village board of the village of Frankfort, and McIntosh and Seymour Corporation, the vendor in the contract, from an order of the Special Term denying their motion to dismiss the complaint, and an order granting a temporary injunction enjoining the defendants from proceeding with the contract until after the trial of the action. Plaintiff's claim that it had a contract with the village at the time this contract was entered into is based upon the act of the municipal board of the village in agreeing to the renewal of a previous contract for a term of five years. Section 63 of the Village Law provides that all acts of the municipal board are subject to the approval of the board of trustees. Here the board of trustees not only withheld its approval of the act of the municipal board in agreeing to renew the contract, but expressly disapproved such action, so that at the time the contract in suit was entered into there was no existing contract between plaintiff and the village. The cause of action asserted by plaintiff in this respect has no foundation either in fact or law. This is a conditional sales contract providing for sixty monthly payments to be wholly derived from the net revenues of the lighting business. It expressly provides that the village is not obligated to pay in any other manner or from any other source. On default the vendors may take over the operation of the business as agent for the village and apply the net income in reduction of the indebtedness in the manner prescribed for payment by the village. There is the usual retaking provision which may be exercised at any time the village is in default. In my view this contract is a fair agreement. The village does not act in its governmental capacity but in a proprietary capacity, in acquiring and maintaining a lighting system. In such case the laws of sales of personal property should apply to it as to an individual. The contract is usual and valid in every respect from the standpoint of a sale to a person. Why should it not be in case of a sale to a municipality? No advantage seems to be taken and it appears to be an economical, practical thing for the village to do. However, we do not have to go as far as that to

sustain it in this case. The incidental and implied powers which flow from the authority given municipalities to operate their own lighting plants necessarily and naturally include the right to make the usual and essential contracts and to take the village end of the various business transactions requisite to carry out the purpose of the statute. (*People ex rel. Percival* v. *Cram,* 50 App. Div. 380; *Brownell* v. *Town of Greenwich,* 114 N. Y. 518.) " The board of trustees of a village [Subd. 1] has the management and control of the finances and property of the village. * * * [Subd. 37.] * * * May pledge the faith and credit of the village for the payment of principal and interest thereof * * * or may make the same payable out of or a charge or lien upon specific property or revenues." (Village Law, § 89, subds. 1 and 37.) " If a corporation may make an executory contract for property or services, it must of necessity have power to agree upon the mode and terms of payment." (*Ketchum* v. *Buffalo,* 14 N. Y. 356, 365.) If the village is authorized to purchase on credit it must certainly be authorized to agree to the terms of the credit. There is a marked difference between a contract to pay for work at a certain time and a contract to borrow money and pay it back at a certain time, even though the money be borrowed for the purpose of paying for the work. (*Ketchum* v. *Buffalo, supra,* 365, 366; *Wells* v. *Town of Salina,* 119 N. Y. 280, 293; *Scott* v. *Twombley,* 20 App. Div. 535, 537.) But it is claimed that this contract is illegal in that it involves an expenditure by the village contrary to the provisions of section 128-a of the Village Law. The contract does not fall within the condemnation of this section. By its terms payments are to be made from the receipts of the village lighting system, and section 128-a expressly provides that the requirements the section sets up for a contract involving a village expenditure shall not apply to contracts involving expenditures for which the money therefor is " otherwise available." It is well known that the customary manner of conducting lighting systems by municipalities is to pay the expenses of maintenance, repairs and equipment from " light rents." (Village Law, §§ 240, 246.) In a companion case to the one we are here discussing we have held that this is not a proposal to establish a lighting system. If it is not, it must be, and in its nature it obviously is, a maintenance or repair proposition being, as it is, the purchase of equipment to be added to a system already established. It is plain that the contract does not contemplate the raising of money by taxation or the borrowing of money by the issuance of municipal bonds or other obligations by the village. For these reasons it appears that the section has no application to this contract. It further appears that the action cannot be maintained because the carrying out of the contract will not entail waste or injury to the municipality, it being fundamental that to obtain the relief provided for by section 51 of the General Municipal Law, " it must appear that in addition to being an illegal official act the threatened act is such as to imperil the public interests or calculated to work public injury or produce some public mischief." (*Western New York Water Co.* v. *City of Buffalo,* 242 N. Y. 202, 207.) There is no showing of collusion, bad faith or illegal consideration inducing or attendant upon the acceptance of this contract by the municipality. Other challenges to the validity of the agreement have been considered but none have

been found which require discussion. The contract is valid; was properly entered into by the village, and the complaint fails to state a cause of action. The order denying defendants' motion to dismiss the complaint should be reversed and the complaint dismissed, and the order granting the temporary injunction pending the trial of the action should be reversed and the injunction dissolved.