MIDFIELD REALTY CORPORATION, Plaintiff, v. ETHEL M. TRIPPITELLI, Defendant.— Motion for leave to appeal to the Court of Appeals granted. [See *ante*, p. 741.] Present — Lazansky, P. J., Davis, Johnston and Adel, JJ.; Close, J., not voting.

VLADISLAVA MISICUNAS, Also Known as LOTTIE MISICUNAS, Appellant, v. JUOZAS MISICUNAS, Defendant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.

ANTONIO PRECOPPIE, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— Motion for reargument denied, without costs. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.

EDWARD J. REILLY, Appellant, v. FLEURETTE REILLY, Respondent.— Motion for an order enjoining respondent denied. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.

CHARLES BECKMANN, as Executor, etc., of WILLIAM BECKMANN, Deceased, Appellant, v. JAMES SCULLY and MARY SCULLY, His Wife, Respondents.— In an action to foreclose a mortgage, order denying plaintiff's motion to strike out the answer and for summary judgment affirmed, with ten dollars costs and disbursements. There are issues of fact to be tried before the question of ultimate liability and the equities can be determined. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

THE BOWERY SAVINGS BANK, Appellant, v. PLYMOUTH COLONY CORPORATION, HAROLD WALTERS and THE TOWN OF HEMPSTEAD, Interpleaded, Respondents.— Plaintiff is the owner of the premises on the southwest corner of Spruce street and Hempstead avenue in the town of Hempstead, Nassau county. Defendant Walters is the owner of the premises on the southeast corner. Defendant town of Hempstead, through its town board, issued to defendants Walters and Plymouth Colony Corporation a permit for the erection and maintenance of a gasoline station and storage tanks. The construction of the station and tanks has been completed and they are in operation. Pursuant to statute (General Municipal Law, § 51) plaintiff, in its capacity as a taxpayer, seeks a judgment compelling the town to vacate the permit and to restrain the operation of the gasoline station on the ground that the zoning ordinance of the town (§ 701, subd. 10), under which the plaintiff claims the permit was granted, is invalid and unconstitutional. Judgment dismissing complaint unanimously affirmed, with costs. While we believe the permit was issued primarily under the zoning ordinance, and that the gas station was erected in reliance thereon, and while in this action we held on a prior appeal that the zoning ordinance (§ 701, subd. 10) is invalid (251 App. Div. 734), nevertheless plaintiff, by withdrawing from the complaint its allegations with respect to damage to it and by failing to allege and prove that the unlawful maintenance of the station is detrimental to the welfare of the town and its inhabitants, is barred from maintaining this action under the General Municipal Law, section 51. (*Gilgar* v. *Low*, 38 Misc. 292; *Western N. Y. Water Co.* v. *City of Buffalo*, 242 N. Y. 202; *Campbell* v. *City of New York*, 244 id. 317, 330; *Seltzer* v. *Garges*, 232 App. Div. 850; *Buckley* v. *Baldwin*, 230 id. 245.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made to support the judgment. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ. Settle order on notice.