Thomas P. Pauley, J.
In this taxpayer’s action pursuant to section 51 of the G-eneral Municipal Law, two motions are made by defendants to dismiss the complaint for insufficiency. One motion is made on behalf of the Town Board of the Town of Smithtown and the other on behalf of defendant Brady. The remaining defendants in the action are Colonial Sand & Stone Co., Inc., hereinafter referred to as Colonial, and one Frank L. Kelly, an officer of that corporation.
The complaint alleges that on August 12, 1958, the town adopted a resolution to purchase approximately 28 acres of real property from Colonial for a price of $21,248.21, pursuant to the terms of a contract of sale dated May 23, 1958. The stated purpose of the acquisition was a site for a public dump. However, the contract also provided, by clauses to survive delivery of the deed, that the town would lease back one portion of the acreage to Colonial and permit it to continue its sand and gravel excavation operations, including the erection and use thereon of a concrete mixing plant. The term of the lease is described in the contract as “ for such period of time as the premises are used by Colonial either for processing sand and gravel or for a concrete mixing plant.” The contract further provided that, with respect to another portion of the acreage, Colonial would have the right by permit to excavate and remove sand and gravel for a period of 10 years, except that the town *657 agreed to extend this limitation in the event ‘ ‘ by reasons beyond the control of Colonial, such as force majeurs, strike, war, emergency, calamity, depression, or recession, curtailing the use of sand and gravel for construction purposes, Colonial cannot remove the material within such ten years, then the Town will grant permits beyond the ten year period for the time equivalent to that time lost.” Other provisions of the contract provided that Colonial would pay the town a fixed royalty for each cubic yard of material excavated and would erect a fence around three sides of the perimeter to be excavated. The rental to be paid by Colonial for the occupation of the land was an amount equivalent to the town real estate taxes.
On October 7, 1958 a referendum held in the town approved the resolution of August 12, 1958. The complaint alleges that the text of the proposition was in the form: “ Shall the resolution adopted by the Town Board of the Town of Smithtown on the 12th day of August, 1958, authorizing the said Town to acquire and finance the acquisition of a site of approximately 28 acres including a modern fence for a public dumping ground in and for said Town, upon which a sanitary land fill operation is proposed, an \_sic] authorized expenditure of $21,500.00 therefor, be approved.”
The lease back and excavation permit arrangements in favor of Colonial were not specifically referred to in the proposition. The complaint further alleges that the afore-mentioned contract of sale was not on file in the Town Clerk’s office at the time of the referendum, nor had it been published or otherwise made available to the voters. Thereafter and on February 16, 1960, the town adopted a resolution authorizing the consummation of the purchase and, on the same date, a deed to the premises was executed by defendant Brady, on behalf of the town, and Kelly, on behalf of Colonial.
The foregoing deed, made a part of the complaint by reference, contains a reservation in favor of Colonial permitting it to continue to excavate and remove sand from and operate a concrete ready-mix plant on a portion of the premises. Although the description of the outside perimeter of the property contained in the deed conforms to the contract description, there is some variance as between the contract and deed descriptions of the two interior parcels to which Colonial had contracted for excavation permission and a lease, respectively, and the deed reserves to Colonial excavation rights over a portion of the property which, according to the contract, was to be conveyed in fee and then leased back.
*658 The concluding paragraphs of the complaint, insofar as pertinent, allege, inter alia, that as a result of the transaction described above, the town is permitting the removal of valuable sand and gravel from town lands by a private enterprise, without the knowledge or approval of the voters, in violation of section 145 of the Highway Law; that the deed does not conform to the contract approved by the voters at the referendum due to variations in the descriptions of the interior parcels and the legal relations created; that the town’s failure to file the contract of sale vitiated the referendum of October 7, 1958; that Colonial has not complied with the town’s regrading and excavation ordinance or the terms of the aforesaid contract and, that as a result, the funds and estate of the town have suffered waste and injury and the town has been damaged in the sum of $160,000, for materials illegally removed, plus the $21,248.21 paid for the conveyance. Plaintiff seeks a judgment ordering Colonial to account and pay for the material it has removed from the property and to repay to the town the $21,248.21 consideration it received for the property, and, in default thereof, that Kelly and Brady be held personally responsible for the waste. The complaint also prays that the town reconvey the property to Colonial.
Upon a motion such as this, the court accepts as true all the relevant allegations of fact and the reasonable inferences that may be drawn therefrom (Schwartz v. Heffernan, 304 N. Y. 474, 482); but not the pleader’s legal conclusions nor his interpretation of the statutes involved. (Hanna v. Lichtenhein, 225 N. Y. 579; McCormick v. Westchester Light. Co., 142 Misc. 27.) The court is not concerned whether the plaintiff will be able to prove the allegations of the complaint; its only concern is whether, assuming the truth of the facts pleaded, the pleading, liberally construed, states a cause of action in some recognizable form. (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114.)
Redress by a taxpayer pursuant to section 51 of the General Municipal Law may only be had 11 when the official acts complained of are found to be corrupt, fraudulent, done in bad faith, * * * or constitute a waste of public property in the sense that they represent the use of such property ‘ for entirely illegal purposes ’, or where ‘ there is a total lack of power in defendants, under the law, to do the acts complained of’”. (Stahl Soap Corp. v. City of New York, 5 N Y 2d 200, 204.) Moreover, it is not enough to justify an action under section 51 of the General Municipal Law that the activities complained of may be illegal. It must also be shown that the illegal action is in some *659 way injurious to municipal interests and that, if permitted to continue, it will result in waste of public funds or will otherwise produce some public injury or mischief. (Western New York Water Co. v. City of Buffalo, 242 N. Y. 202; Rogers v. O’Brien, 153 N. Y. 357.)
An examination of the complaint fails to disclose any allegation of corruption, fraud or bad faith on the part of the defendants. If it is to be upheld as a sufficient pleading, it must be on the grounds that it states a cause of action founded on the theory that the acts alleged are ultra vires; that the Town Board totally lacked the power to do what it did and that, if permitted to continue, the illegal action will result in waste to the municipality. (Kaskel v. Impellitteri, 306 N. Y. 73.)
The main contention advanced by the plaintiff is that the transaction as set forth in the complaint in effect permits the town to sell sand and gravel to a private enterprise in violation of section 145 of the Highway Law.
Section 145 of the Highway Law provides simply that the ‘1 town board of a town may contract for and purchase land in the name of the town containing a gravel bed or other material for use on the public highways and bridges of the town ” (emphasis supplied).
In support of his contention, plaintiff refers to a ruling of the State Comptroller that a town may not sell gravel from such a town gravel bed to private individuals (9 Op., St. Comp. 151 [1953]; 12 Op. St. Comp. 164 [1956]). A subsequent ruling, however, permits a town to sell excess soil excavated from a refuse disposal pit. (14 Op. St. Comp. 408 [1958].) At this juncture the plaintiff takes the position that the essential nature of the subject property is a gravel pit which the Town Board cannot, by legislative fiat, change into a town dump. However, the court is of the opinion that section 145 of the Highway Law cannot be invoked in this case. From the face of the complaint and the exhibits thereto annexed, it appears that the town expressly acquired this property as a town dump in accordance with the authority vested in it by section 220 of the Town Law; not as a gravel pit. It is not the province of the courts to decide whether the legislative decision is prudent or in the public interest or whether the legislator’s intentions are bad or good. Such an intrusion on the part of a court into the legislative domain is contrary to settled authority (Hanraban v. Corrou, 170 Misc. 922). Moreover, this court is not prepared to hold that a prior use of land as a gravel pit renders it unfit for future use as a public dump or, indeed, any other use. There is nothing patently *660 ultra vires or illegal about a sand and gravel pit being acquired as a site for a proposed dump; particularly is this so in view of the authorization granted by section 220 of the Town Law.
With respect to those allegations of the complaint which allege the variance between the terms of the contract and the deed, the complaint fails to allege how any waste, damage or injury to the town was thereby occasioned or threatened (Western New York Water Co. v. City of Buffalo, 242 N. Y. 202, supra; Rogers v. O’Brien, 153 N. Y. 357, supra; Ahern v. McNab, 7 A D 2d 546); that the public interest is imperiled (Altschul v. Ludwig, 216 N. Y. 459), or that the town lacked the power to modify its own contract (Lutes v. Briggs, 64 N. Y. 404).
The allegations which aver failure to file the contract with the Town Clerk or publish it cannot sustain plaintiff’s complaint since there is no legal requirement for such filing or publication. The allegations that Colonial has not complied with the town’s regrading and excavation ordinance are not the averments of an issuable fact, but the statement of a legal conclusion not backed up by allegations of fact showing any such violations.
In brief, the necessary factual allegations required in a complaint and which will afford a defendant the opportunity to properly defend the action have not been set forth. The same general rules of pleading and proof which are applied in other actions must be applied in actions brought by a taxpayer against a municipal official for official misconduct. And so whatever the nature of the action 11 A complaint must state facts. General allegations of wrongdoing based upon undisclosed facts do not state a cause of action.” (Gerdes v. Reynolds, 281 N. Y. 180, 183-184.) This rule as noted in Morgenstern v. Cohon (2 N Y 2d 302, 308) “ is predicated upon the sound principle that the adversary should not be taken by surprise at the trial, but should be able to meet the proof adduced by the pleader.”
It should also be remembered that11 ‘ Pleadings and a distinct issue are essential to every system of jurisprudence and there can be no orderly administration of justice without them.’ ” (Cohen v. City Co. of New York, 283 N. Y. 112,117.) The object of pleadings is to define the issues between the parties (Tisdale v. President of D. & H. Canal Co., 116 N. Y. 416, 419) “ in such a manner that vagueness is avoided; that an opponent may be informed of the facts to which he must plead and which he must be prepared to meet upon the trial, without the risk of surprise by some unforeseen construction of an obscure pleading.” (Kalmanash v. Smith, 291 N. Y. 142, 154; Kent v. Truman, 9 AD 2d 649.) Another rule of pleading which must be borne in mind is that while it is the mandate of section 275 of the Civil Practice *661 Act that a pleading must be construed liberally upon a motion to dismiss it for legal insufficiency, liberality “ cannot be used as a substitute for matters of substance ’ ’ and legal conclusions “utilized to supply material facts by inference within the doctrine of liberal construction. ’ ’ (Didier v. Macfadden Pubs., 299 N. Y. 49, 53.)
The court is of the opinion that the present complaint falls short of compliance with the rules of pleading as summarized above. Accordingly, the complaint is dismissed, without prejudice to the service of an amended complaint within 30 days after service of the order to be entered hereon with notice of entry, if plaintiff be so advised.