Joseph F. Hawkins, J.
The defendants, consisting of the County of Dutchess, the Chairman and members of the Board of Supervisors, and the Treasurer of the County, move to dismiss the complaint for failing to state a cause of action.
The essence of the complaint, which contains some 10 causes of action, is that the defendants in voting for the proposed *604 extension of the County Airport violated constitutional and statutory prohibitions or limitations; failed to observe the legal prerequisites for a bond issue; are wasting public funds; and that they prematurely and without providing for a public hearing or a public referendum approved a bond resolution to finance a hazardous extension of the runway of the County Airport.
The threshhold and salient issue is the court’s power to impinge upon the legislative function where, as here obtains, the requisite authority has been conferred upon the local legislative body by the State Legislature. Subdivision 1 of section 352 of the General Municipal Law expressly confers power upon the Board of Supervisors to “ improve ” its existing airport facilities ; and in its concluding provisions, that statute provides that the consequent expenses thereby incurred are a charge upon the county.
It is thus clear that such due authority has been conferred upon the Board of Supervisors. Whether the particular exercise here proposed is provident and essential are judgments wholly within the competence of the Board of Supervisors. As was stated in Kaskel v. Impellitteri (306 N. Y. 73, 80) by the Court of Appeals in defining the doctrine of separation of powers: ‘ ‘ However, the situation here actually displayed is one of those as to which the Legislature has authorized the city officials, including elected officials, to make a determination, and so the making thereof is simply an act of government, that is, an exercise of governmental power, legislative in fundamental character, which, whether wise or unwise, cannot be overhauled by the courts. If there were to be a trial here and the courts below should decide in favor of plaintiff, there would be effected a transfer of power from the appropriate public officials to the courts. The question is simply not a justiciable one.”
The doctrine of judicial restraint was reaffirmed in Gaynor v. Rockefeller (15 N Y 2d 120, 133-134): “ This brings us to the cause of action predicated on section 51 of the General Municipal Law. This, too, is legally insufficient. Redress may be had in such a taxpayer’s action ‘ only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes.’ (Kaskel v. Impellitteri, 306 N. Y. 73, 79; see, also, Stahl Soap Corp. v. Ctiy of New York, 5 N Y 2d 200, 204; Western N. Y. Water Co. v. City of Buffalo, 242 N. Y. 202, 206; Altschul v. Ludwig, 216 N. Y. 459, 467.) It is quite clear that no such show is here made. Furthermore, insofar as the complaint challenges the manner in which the City officials are administering concededly legal construction contracts, it runs afoul of the *605 principle that, in a taxpayer’s action, ‘ The courts do not sit in judgment upon questions of legislative policy or administrative discretion. ’ (Campbell v. City of New York, 244 N. Y. 317, 328; see, also, Kaskel v. Impellitteri, 306 N. Y. 73, 79, supra.) ”
We find legally -insufficient the “First”, “Third” and “ Fifth ” causes of action which allege, respectively, waste; the “ Second ”, violation of the Local Finance Law; the “ Seventh ” that of the Fourteenth Amendment; and the “Tenth”, the absence of a public hearing.
We -find, further, no substance to the “ Fourth ” cause of action which alleges a gift prohibited by article VIII of the State 'Constitution.
As for the remaining causes which urge the hazardous nature of the project, and the many protests by taxpayers and the absence of a public hearing, they are equally legally untenable, suggesting as in Hanrahan v. Corrou (170 Misc. 922, 926) that the plaintiffs’ recourse, if any, is to the electoral rather than the judicial process: “ 1 Whatever evils may exist in the government of cities that are due to mistakes, errors of judgment or the lack of intelligent appreciation of official duty, must necessarily be temporary, compared with the mischief and inconvenience which judicial supervision, in all cases, would ultimately produce. Local officers are elected or appointed for such brief periods that frequent opportunity is afforded to the public and the taxpayers interested in their official acts, to change them and substitute others in their place.’ (Talcott v. City of Buffalo, 125 N. Y. 280, 288.) ”
The plaintiffs’ request is noted for leave to replead pursuant to subdivision (e) of CPLR 3211 in the event the defendants’ motion is granted. The statute, however, provides that upon a motion to dismiss for insufficiency if the opposing party wishes such leave to plead over, he may set forth evidence which could properly be considered on a motion for summary judgment in support of a new pleading. Neither the voluminous complaint nor the plaintiffs’ extensive affidavits provide any basis upon which it would appear that a legally sufficient complaint can be pleaded.
We see no valid legal purpose served in granting such leave. If the plaintiffs are so advised, they may expeditiously appeal and thereby test our holding. This would avoid a multiplicity of motions and considering the public nature of the contemplated project, it is preferable that its legality be tested with a minimum of delay.
The defendants’ motion is granted and the plaintiffs’ cross motion for summary judgment is denied. No costs.