■ TRIBECA COMMUNITY ASSOCIATION, INC., et al., Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [607 NYS2d 18] —Order, Supreme Court, New York County (Robert Lippmann, J.) entered on or about April 13, 1993, which denied plaintiffs' motion for summary judgment and granted defendants' cross-motion for summary judgment dismissing the complaint, and judgment of said court and Justice entered thereon on May 25, 1993, unanimously affirmed, without costs.

The project under review will be located on a two acre parcel bounded by West, Greenwich, Murray and Warren Streets, just north of the World Trade Center, which presently is occupied by a parking lot. The proponents propose to construct a 10 story office tower and a 33,000 square feet trading floor, expandable to 51,000 square feet, to house the defendant commodities exchanges. The exchanges contend that their present location in 4 World Trade are increasingly inadequate. To induce them to remain in New York City, the

defendant public authorities negotiated the conveyance of the site from the City to the UDC, and partial financing by EDC, with 99 year leases to be executed between the exchanges and UDC, with an option to purchase after 30 years at the market value of the land. The exchanges bound themselves to remain in the City for 30 years.

We find no basis to disturb the finding of the UDC, made under its enabling statute (McKinney's Uncons Laws of NY § 6260 [c] [Urban Development Corporation Act § 10 (c); L 1968, ch 174, § 1]), that the parcel is blighted (see generally, Yonkers Community Dev. Agency v Morris, 37 NY2d 478). Nor do we find a basis to conclude, in the context of the modern service economy, that there is a significant distinction, for purposes of the EDC's enabling statute (N-PCL 1411 [c]), between an industrial project which receives public funding, and a commercial project. Despite an incidental private benefit, this project provides a substantial public benefit, and it cannot be equated with an unconstitutional gift or loan to a private party as prohibited by article VIII (§ 1) or article VII (§ 8) of the State Constitution (see, Murphy v Erie County, 28 NY2d 80; see generally, Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 369-370). We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.