■ MATTHEW BETTERS, on Behalf of Himself and All Other Taxpayers of County of Genesee Similarly Situated and as a Genesee County Legislator, et al., Appellants, v ROBERT KNABEL, as City Manager of City of Batavia, et al., Respondents. [732 NYS2d 509] —Order and judgment unanimously affirmed without costs. Memorandum: Plaintiffs, a Genesee County legislator and three Batavia City Council members, each of whom sues as a legislator and a taxpayer and on behalf of other taxpayers, brought this action pursuant to General Municipal Law § 51 against Genesee County (County), the City of Batavia (City), various officials of the County and the City, and the Monroe County Water Authority (MCWA). Plaintiffs sought to set aside, as illegal and a waste of municipal assets or funds, the January 20, 2000 agreement between the City and the County, whereby the City leased its water treatment and supply facilities to the County. Plaintiffs also sought to set aside the May 24, 2000 agreement between the County and MCWA, whereby MCWA agreed to finance, construct and manage a water supply system for the County. Plaintiffs appeal from an order and judgment granting defendants' motion and cross motions to dismiss the complaint for failure to state a cause of action; denying plaintiffs' motion for a preliminary injunction; vacating a temporary restraining order (TRO) previously granted to plaintiffs; denying that part of plaintiffs' cross motion seeking summary judgment annulling the two agreements; and denying that part of plaintiffs' cross motion seeking leave to amend the complaint to expand upon the allegations of illegality and waste.

Supreme Court properly granted defendants' motion and cross motions to dismiss the complaint for failure to state a cause of action under General Municipal Law § 51. "[A] taxpayer action pursuant to section 51 of the General Municipal Law lies 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes'" (*Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1014, 1016, quoting *Kaskel v Impellitteri,* 306 NY 73, 79, *rearg denied and mot to amend remittitur granted* 306 NY 609, *cert denied* 347 US 934; *see, Gaynor v Rockefeller,* 15 NY2d 120, 133-134). In order to state a cause of action under General Municipal Law § 51, "special allegations of waste tied to corruption have been required" (*Montecalvo v City of Utica,* 170 Misc 2d 107, 111, *affd* 233 AD2d 960, *appeal dismissed* 89 NY2d 938; *see, Gaynor v Rockefeller, supra,* at 133-134; *Kaskel v Impellitteri, supra,* at 79; *Western N. Y. Water Co. v City of Buffalo,* 242 NY 202, 206-207; *Altschul v Ludwig,* 216 NY 459,

465-466). Allegations of illegality alone are an insufficient basis for a taxpayer's suit under General Municipal Law § 51 (*see, Matter of Korn v Gulotta,* 72 NY2d 363, 371-372; *Western N. Y. Water Co. v City of Buffalo, supra,* at 206-207; *Matter of Town of Coeymans v City of Albany,* 284 AD2d 830, 836, *lv denied* 97 NY2d 602; *Fisher v Biderman,* 154 AD2d 155, 159, *lv denied* 76 NY2d 702). Here, plaintiffs have failed to allege the requisite fraud, collusion, corruption, or bad faith on the part of the municipalities or their officials leading to a waste of municipal assets or funds or other injury to the public and instead have alleged only that the municipalities illegally entered into the contracts at issue. Thus, even assuming, arguendo, that the contracts can be deemed illegal based on the alleged defects in their formation or expression, and that plaintiffs can establish a violation of General Municipal Law § 72-h or General City Law § 23 (2) (b), we conclude that plaintiffs' allegations are facially insufficient to state a cause of action under General Municipal Law § 51 (*see, Matter of Town of Coeymans v City of Albany, supra,* at 836).

The court did not err in denying that part of plaintiffs' cross motion seeking leave to amend the complaint. The allegedly disqualifying interests of the City or County legislators are insufficiently pecuniary, material and personal to raise the requisite inference of corruption and warrant annulment of the agreements (*see, Webster Assocs. v Town of Webster,* 59 NY2d 220, 227; *Matter of DePaolo v Town of Ithaca,* 258 AD2d 68, 72, *lv denied* 94 NY2d 751; *see generally,* General Municipal Law § 800 [3]; § 801), and thus the proposed amendment plainly lacks merit (*see,* CPLR 3025 [b]; *Ferran v Williams,* 281 AD2d 819, 820-821; *Shellberry v Albright,* 281 AD2d 892, 892-893).

In view of our determination, there is no need to address plaintiffs' remaining contentions. (Appeal from Order and Judgment of Supreme Court, Genesee County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.