■ JOHN P. LAVIN et al., Appellants, v JOEL I. KLEIN, as Chancellor of the New York City Department of Education, et al., Respondents. [783 NYS2d 815]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered September 9, 2003, dismissing the action, and bringing up for review an order, same court and Justice, entered September 5, 2003, which granted defendants' cross motion pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs. Appeal from the September 5, 2003 order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, in their capacity as taxpayers, challenge as violative of various statutory and constitutional provisions defendants' practice, pursuant to an agreement with school transportation providers, of procuring insurance coverage for those providers' vehicles. Plaintiffs, however, have not alleged

misconduct of the sort, i.e., fraud, collusion, corruption or bad faith, necessary to justify a taxpayer action pursuant to General Municipal Law § 51 (*see Betters v Knabel*, 288 AD2d 872, 872-873 [2001], *lv denied* 98 NY2d 659 [2002]; *Fisher v Biderman*, 154 AD2d 155, 159 [1990], *lv denied* 76 NY2d 702 [1990]). Nor have they stated any claim for violation of the New York Constitution's Gift and Loan Clause (art VIII, § 1), since it is clear that although the challenged insurance procurement confers a private benefit, such benefit is incidental to furthering the public purpose of obtaining student transportation services economically (*see Murphy v Erie County*, 28 NY2d 80, 87-88 [1971]; *Imburgia v City of New Rochelle*, 223 AD2d 44, 48 [1996], *lv denied* 88 NY2d 815 [1996]; *Tribeca Community Assn., Inc. v New York State Urban Dev. Corp.*, 200 AD2d 536, 537 [1994], *lv denied* 84 NY2d 805 [1994]). Finally, defendants' failure to obtain approval from the State Commissioner of Education prior to implementing the subject insurance procurement program was, as alleged, at most technically violative of Education Law § 3625 and, as such, an insufficient predicate for plaintiffs' taxpayer claim thereunder (*see Mesivta of Forest Hills Inst., Inc. v City of New York*, 58 NY2d 1014, 1016 [1983]; *Betters v Knabel*, 288 AD2d at 872-873). Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.