Schlossberg v DeFalco (2018 NY Slip Op 05348)





Schlossberg v DeFalco


2018 NY Slip Op 05348


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-11950
 (Index No. 15090/15)

[*1]Craig Schlossberg, et al., appellants, 
v
Michael DeFalco, et al., respondents.


J. Lee Snead, Bellport, NY, for appellants.
William J. Matthews, Piscataway, New Jersey, respondent pro se.
Annette Eaderesto, Town Attorney, Farmingville, NY (Todd M. Lewis of counsel), for respondents Town of Brookhaven, Town Board-Town of Brookhaven, and Arthur Gerhauser, in his capacity as Chief Building Inspector of the Town of Brookhaven.



DECISION & ORDER
In an action, inter alia, pursuant to Town Law § 268(2) for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 27, 2015. The order denied the plaintiffs' motion for a preliminary injunction and granted the cross motion of the defendants Michael DeFalco and William J. Matthews, and the separate cross motion of the defendants Town of Brookhaven, Town Board-Town of Brookhaven, and Arthur Gerhauser, in his capacity as Chief Building Inspector of the Town of Brookhaven, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants appealing separately and filing separate briefs.
The plaintiffs commenced this action pursuant to Town Law § 268(2) and General Municipal Law § 51 to enjoin the defendants Michael DeFalco and William Matthews (hereinafter together the individual defendants) from performing certain construction on residential real property the individual defendants owned in the Town of Brookhaven, and to enjoin the defendants Town of Brookhaven, Town Board-Town of Brookhaven, and Arthur Gerhauser, in his capacity as Chief Building Inspector for the Town of Brookhaven (hereinafter collectively the municipal defendants), from issuing any certificates of occupancy for the property. The plaintiffs also sought to recover damages for common-law nuisance and a declaratory judgment. The plaintiffs moved for a [*2]preliminary injunction, and the individual defendants and the municipal defendants separately cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court denied the plaintiffs' motion and granted the defendants' separate motions. The plaintiffs appeal.
We agree with the Supreme Court's granting of those branches of the defendants' cross motions which were to dismiss the cause of action pursuant to Town Law § 268(2) insofar as asserted against each of them. The defendants established that the construction on the subject property is not in violation of the zoning code. The plaintiffs' dissatisfaction with the decision of the Town of Brookhaven to grant a variance and building permit to the individual defendants does not render the plaintiffs jointly or severally aggrieved as required in order to have standing to assert a cause of action pursuant to Town Law § 268(2) (see Little Joseph Realty v Town of Babylon, 41 NY2d 738, 741; Marlowe v Elmwood, Inc., 12 AD3d 742, 744).
We also agree with the Supreme Court's granting of those branches of the defendants' cross motions which were to dismiss the cause of action pursuant to General Municipal Law § 51 insofar as asserted against each of them. This cause of action was premised on the allegation that the decision of the Town of Brookhaven to issue a building permit for the construction on the subject property was illegal. However, the plaintiffs do not plead any fraud or corruption in connection with the issuance of the building permit; nor do they allege that any public funds were expended in connection with the issuance of the building permit. Therefore, the complaint fails to state a cause of action pursuant to General Municipal Law § 51 (see Aiardo v Town of E. Greenbush, 64 AD3d 849, 852; Matter of Sanitation Garage Brooklyn Dists. 3 & 3A, 32 AD3d 1031; Betters v Knabel, 288 AD2d 872, 872-873).
We further agree with the Supreme Court's granting of those branches of the defendants' cross motions which were to dismiss the causes of action alleging common-law nuisance. The plaintiffs' allegations of interference with their right to use and enjoy their property are theoretical, conclusory, and insufficient to state a cause of action alleging common-law nuisance (see Anderson v Elliot, 24 AD3d 400, 402; Ruscito v Swaine, Inc., 17 AD3d 560).
The plaintiffs failed to demonstrate that they had a likelihood of success on the merits. Thus, their motion for a preliminary injunction was properly denied (see Doe v Axelrod, 73 NY2d 748, 751; Town of Hempstead v State of New York, 42 AD3d 527, 530).
The plaintiffs' remaining contention is without merit.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court